Mrs. Julia Dull v. Gordon.

## No. 325.—MRS. JULIA DULL v. WM. R. GORDON.

If a note has been offered in evidence by the defendant to show its payment, and has been rejected on the ground that it is not sufficiently proved, then parol evidence is admissible as the next best evidence to prove that it has been paid.

Parties holding an obligation, who have received payments thereon in confederate notes and given credit therefor, are bound by their acts, notwithstanding such notes are not a legal tender in payment of debts. The settled doctrine in all such cases is, that the courts will leave the parties where their conduct has placed them.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Ray, J. Morrison & Farmer,* for plaintiff and appellee. *Stubbs & Cobb,* for defendant and appellant.

LUDELING, C. J. The plaintiff sued the defendant for $2573, with legal interest since the twenty-ninth of August, 1864, when, it is alleged, he used two notes belonging to plaintiff amounting to that sum, in the purchase of a tract of land for himself. She annexed to her petition the receipt of Gordon, which, however, she avers does not express her understanding of the agreement about the notes. She admits that Gordon has paid small sums to her at different times, but she avers she does not remember the amounts.

The defense is that he bought the notes and agreed to pay the price in the manner stated in the receipt annexed to the petition, and that he has extinguished the obligation by payments, as per statement annexed to the answer. This statement showed that at various times defendant paid at her request sums of money and bills for merchandise and groceries for her.

There was judgment in favor of the plaintiff, and the defendant has appealed.

On the trial the defendant offered in evidence the following receipt:

"Received of W. R. Gordon, Millhaven, March 19, 1864, five hundred dollars, toward paying for two mortgage notes on John Mallory, the balance to be paid whenever I call for it.          JULIA DULL."

To the reception whereof the plaintiff excepted on the grounds that it was not sufficiently proven, and was not stamped as required by the revenue acts of the United States.

These objections were overruled, and we think correctly.

Mr. Gordon testified as follows:

"I handed her the money with the receipt written. She went into the house with the receipt and the money, and returned it, the receipt, to me signed."

If the document was inadmissible as a receipt for money, it was admissible as a memorandum or letter to show how she construed the receipt given by Gordon to her for the notes, or her agreement relative to the notes. The defendant then offered in evidence a note in favor of Dr. Bloxom, signed Julia Dull, to prove an item in the statement

annexed to his answer—that is, that he had paid the note to Bloxom at her request.

This was objected to on the grounds that the note was not proven and it was not stamped. These objections were sustained by the court *a qua*, and then the defendant offered to prove by parol that he had paid the amount of said note to Dr. Bloxom at the request of the plaintiff. This was objected to on the ground that if the defendant had paid any note for her, the note itself was the best evidence. This objection was overruled and the plaintiff took a bill of exceptions.

Having objected to the reception of the note paid, it is difficult to conceive how it could consistently be objected that parol testimony should be rejected as not the best evidence of the fact of payment of the note. It is unimportant whether the note to Bloxom ever had any legal existence or not—if Gordon paid an amount of money to Dr. Bloxom for Mrs. Dull at her request—those facts may be proved by parol.

The receipt annexed to the petition is in the words and figures following, to wit:

"Received, Millhaven, nineteenth March, 1864, of Mrs. Julia Dull two mortgage notes against John Mallory, and made payable to his own order in favor of or belonging to Mrs. Julia Dull, for which I am to pay her over the money in small amounts as she may call for it, until the amount of the notes is paid up. The notes are given for one thousand dollars each; one is due first January, 1864, and one first January, 1865.

(Signed) "W. R. GORDON."

This receipt bears the same date as the receipt given by the plaintiff, acknowledging the receipt of five hundred dollars from W. R. Gordon, already referred to; and it was several months before the defendant used the said notes in the purchase from Mallory. It may be well here to remark that the two notes received from the plaintiff were for the two last installments of the price of a tract of land sold to John Mallory; that Gordon had acquired the other two from Colonel Morrison, and used the four notes in payment of the price of the land which Mallory had bought, and upon which there existed a special mortgage to secure their payment. The evidence convinces us that the defendant purchased the notes of plaintiff and obligated himself to pay the principal and interest thereof in the manner stated in the two receipts—that is, as the plaintiff might call for the price. And the various credits claimed and proved by the defendant must be regarded as payments made under this obligation, and, *pro tanto*, as an execution of the contract.

It appears that the five hundred dollars paid on the nineteenth of March, 1864, was in confederate treasury notes, and it is also probable

that the item of seventy dollars was paid in confederate notes; and it is urged that because these payments were made in that currency we can not allow them as credits. When payment of an obligation has been received by the obligee in confederate treasury notes, the courts will not interfere; to the extent of the payment it is an executed contract. 19 An. 473.

Allowing the credits claimed, except the item for house rent in 1867, one hundred and twenty dollars, which we think should not be allowed, and computing interest on the notes at the rate of eight per cent. per annum, to the nineteenth of March, 1864, the date of the sale, and thereafter at the rate of five per cent. per annum interest, and imputing the payments first to the extinguishment of interests, we find that the defendant was indebted to the plaintiff in the sum of five hundred and ninety-three dollars and eighty-six cents, with five per cent. per annum interest thereon from the thirty-first December, A. D. 1869.

It is therefore ordered and adjudged that the judgment of the lower court be annulled, and that there be judgment in favor of the plaintiff against the defendant for five hundred and ninety-three dollars and eighty-six cents, with five per cent. per annum interest thereon from the thirty-first December, 1869, till paid, and costs of the lower court.

It is further ordered that the appellee pay costs of this appeal.